U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 15 2015

CLERK, U.S. DISTRICT COURT
By _____
       Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BRYAN L. PARK, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § NO. 4:15-CV-638-A |
| | § |
| SHERIFF DEE ANDERSON, ET AL., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is an amended complaint and within the amended complaint is a motion to extend time to file an amended complaint[1] and a "Notice to Court to Issue Immediate/Emergency Relief Via 'T.R.O.'/Preliminary Injunction"[2] filed in the above-captioned action by plaintiff, Bryan L. Park, naming as defendants Sheriff Dee Anderson ("Anderson"), John Doe I, John Doe II, and John Doe III.

---

[1] The plaintiff does not specifically make a motion for an extension of time to file an amended complaint, but the court construes plaintiff's request for additional time as a motion for extension of time to file an amended complaint.

[2] The court determines that plaintiff has not stated a cause of action upon which to base either a temporary restraining order or preliminary injunction. The court is construing this motion as both a motion for a temporary restraining order and preliminary injunction. For this reason and because the motion and amended complaint are based on the same allegations, the court deals with the complaint and motions together.

I.

## Screening Under 28 U.S.C. § 1915A

As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In evaluating whether the complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader. Warth v. Seldin, 422 U.S. 490, 501 (1975). However, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555; Tuchman v. DSC Commc'ns Corp., 14 F.3d

2

1061, 1067 (5th Cir. 1994).

Although pro se complaints and arguments must be liberally construed, Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), "[a] plaintiff may not . . . plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought." Arnaud v. Odom, 870 F.2d 304, 307 (5th Cir. 1989); see also Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996) (Section 1983 actions against individual governmental officials require "claims of specific conduct and action giving rise to a constitutional violation.").

Having now considered the allegations in the complaint, the court concludes that it should be dismissed in its entirety under the provisions of 28 U.S.C. § 1915A. Twombly, 550 U.S. at 555.

II.

Analysis

A.  Allegations of the Amended Complaint

On August 21, 2015, plaintiff filed a complaint under 42 U.S.C. § 1983. Doc.[3] 1. By order signed on August 26, 2015, the court ordered plaintiff to file an amended complaint alleging with particularity all material facts upon which his claims were

---

[3] The "Doc. ___" references are to the numbers assigned to the referenced items on the court's docket in this action.

3

based. Doc. 7. The order cautioned that failure to comply therewith might result in the dismissal of plaintiff's claims without further notice. Doc. 7 at 2. On August 31, 2015, the plaintiff filed a motion for a temporary restraining order and preliminary injunction. Doc. 8. On September 14, 2015, plaintiff filed an amended complaint. Doc. 9.

In the amended complaint, plaintiff makes many conclusory allegations regarding purported violations of civil law, criminal law, and the Constitution. Plaintiff generally alleges claims such as: "irreparable harm/injury/damages due to his pain and suffering via unlawful restraint in his liberty. . . seizures (of record).. . not having direct access to needed law (legal) materials to meet this courts [sic] demand of an 'amended-complaint'. . . ." Doc. 9. The only claim which alleges specific conduct is the use of "unnecessary force, breaking/fracturing plaintiff's right hand." Doc. 9 at 1. However, the plaintiff fails to provide any detail of the incident leading to his broken hand.

The amended complaint identifies John Doe I as a staff member of the Tarrant County Jail. Doc. 9 at 2. No information is provided as to the identity of John Doe II and John Doe III.

B.  Dismissal of Claims Against Anderson

Anderson is mentioned in the amended complaint only in a

4

supervisory role and no facts are alleged that describe any actions taken by him. It is apparent that plaintiff has sued Anderson based solely on his position as supervisor of the Tarrant County Jail. Supervisory officials cannot be liable under § 1983 on any theory of vicarious liability, and nothing in the amended complaint or original complaint allege that Anderson was personally involved in any purported violation of plaintiff's constitutional rights. See, e.g., Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992). Accordingly, plaintiff's claims against Anderson must be dismissed.

C. Failure to State a Claim Upon Which Relief Can Be Granted as to John Doe I, II, and III

After considering plaintiff's amended complaint, motion to extend time to file an amended complaint, and motion for a temporary restraining order and preliminary injunction, the court concludes that plaintiff has failed to provide the type of specific factual allegations against John Does I, II, and III, necessary to find liability under § 1983. Plaintiff has alleged nothing that would raise his right to relief above the speculative level. The only factual allegation with any substance is plaintiff's claim regarding his broken right hand, however, plaintiff failed to provide any information or facts as to how the hand became broken.

Plaintiff requests more time and "emphasizes his only reason

for not drafting a (much) better amended complaint is 'solely' due to the defendants' continued acts . . . ." Doc. 9 at 7. Plaintiff appears to be referring to alleged denials of access to the law library and ongoing pain inflicted upon him by defendants. Doc. 9 at 3, 5-7. The August 26, 2015 order directed plaintiff to file an amended complaint "alleging with particularity all material facts on which he contends he will establish his right to recover against each defendant and which will include detailed facts supporting the contention that the likely pleas of qualified immunity of defendants cannot be sustained." Doc. 7 at 2. The court did not ask plaintiff for legal analysis in his amended complaint; the court asked plaintiff for facts. Doc. 7. Furthermore, the court cautioned plaintiff that conclusory allegations or unwarranted deductions of fact would not be accepted. Doc. 7 at 2 n.2.

Plaintiff fails to provide the court with facts upon which the court can determine that plaintiff states a cause of action. Doc. 9. Access to the law library or other legal materials was not necessary to provide the court with an amended complaint alleging facts upon which relief may be granted. Plaintiff, by the very nature of his allegations, would have been able to specifically allege facts relating to his § 1983 claims absent any type of research because he was the party whose civil rights

6

were allegedly violated. However, plaintiff provided nothing more than conclusory allegations in his amended complaint.

IV.

Order

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff, Bryan L. Park, against defendants, Anderson, John Doe I, John Doe II, and John Doe III, in the above-captioned action be, and are hereby, dismissed pursuant to the authority of 28 U.S.C. 1915A(b).

The court further ORDERS that the plaintiff's motion to extend time to file an amended complaint be, and is hereby, denied.

SIGNED September 15, 2016.

_____
JOHN McBRYDE
United States District Judge